UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| JAMES W. VINCENT | CIVIL ACTION NO. 08-1504 |
| La. DOC #107133 | |
| VS. | SECTION P |
| | JUDGE MELANÇON |
| SOUTH LA. CORRECTIONS | |
| CENTER, ET AL. | MAGISTRATE JUDGE METHVIN |

REPORT AND RECOMMENDATION

*Pro se* plaintiff James W. Vincent, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), filed the instant civil rights complaint (42 U.S.C. §1983) on October 8, 2008. Plaintiff is incarcerated at the South Louisiana Corrections Center (SLCC), Basile, Louisiana. He complains that he has been denied appropriate medical care and treatment at that facility; in an amended complaint, he complains of inadequate medical treatment while he was incarcerated at the Calcasieu Corrections Center (CCC) in Lake Charles. He sues SLCC and CCC and prays for an unspecified amount in money damages and a "full pardon." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint and amended complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

On or about December 17, 2007 plaintiff was arrested for driving while intoxicated and a violation of the open alcohol container law in Lake Charles. Upon his arrival at CCC, he advised prison officials that he was under doctor's care for recent back surgery. He advised the officers

that he was not supposed to climb, stoop, twist, bend, or lift more than 20 lbs. Nevertheless, he was placed in the cell blocks where he was required to climb 16 steps from time to time. According to plaintiff, the CCC was negligent with respect to plaintiff's medical needs by assigning him a cell which required him to negotiate these 16 steps and by assigning him a top bunk. He claims that he fell from his bunk on one occasion and slipped in the shower on another. He attributes both accidents to the negligence of CCC. He admits that he was examined by a nurse who provided him with Motrin® for his pain.[1]

On July 15, 2008 plaintiff was transferred to SLCC. According to plaintiff, when he arrived at SLCC his back and legs were "... giving [him] trouble..."Plaintiff claimed that he "could hardly walk to [the] lunch room." He claimed that his back and the soles of his feet have been "hurting" since he left CCC. According to plaintiff, his physician has recommended further surgery. He claims to have headaches as a result of his back problems. He claims that he sleeps on the floor at SLCC.

He admits that he has seen a physician at SLCC who provided muscle relaxants and pain medication, but plaintiff claims that these medicines are ineffective. **(**Plaintiff claims that he

---

[1] Motrin ® is a form of ibuprofen, a medication used to relieve pain, tenderness, swelling, and stiffness caused by osteoarthritis (arthritis caused by a breakdown of the lining of the joints) and rheumatoid arthritis (arthritis caused by swelling of the lining of the joints). It is also used to relieve mild to moderate pain. Nonprescription ibuprofen is used to reduce fever and to relieve mild pain from headaches, muscle aches, arthritis, menstrual periods, the common cold, toothaches, and backaches. Ibuprofen is in a class of medications called NSAIDs. It works by stopping the body's production of a substance that causes pain, fever, and inflammation. Medline Plus, Drugs and Supplements, A Service of the U.S. National Library of Medicine and the National Institutes of Health. http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682159.html

should be receiving Lortab® [2] and Xanax®[3] which were the medications he was receiving before his incarceration.)

Plaintiff claims that he has experienced more pain since his incarceration and he prays for compensatory damages for pain and suffering and a "pardon."

*Law and Analysis*

*1. Screening*

Plaintiff requested and was afforded the opportunity to proceed *in forma pauperis*, however, shortly after he was granted *IFP* status, plaintiff paid the full filing fee. Nevertheless, plaintiff's complaint is subject to the screening provisions of the Prison Litigation Relief Act or PLRA codified at 28 U.S.C. §1915A and 42 U.S.C. §1997e.

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[2] Lortab® is a pain medication combining a number of ingredients with the drug hydrocodone. Hydrocodone is in a class of medications called opiate (narcotic) analgesics. Hydrocodone relieves pain by changing the way the brain and nervous system respond to pain. Id., at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a601006.html

[3] Xanax® or alprazolam is used to treat anxiety disorders and panic attacks. Alprazolam is in a class of medications called benzodiazepines. It works by decreasing abnormal excitement in the brain. Id. at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a684001.html

relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's pleadings, including his amended complaint, present the best case which could be presented by plaintiff under the circumstances. Based upon the thoroughness of plaintiff's pleadings, the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of very doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and, that his complaint should therefore be dismissed with prejudice.

*2. Medical Care*

Plaintiff claims that the defendants treated his medical condition inappropriately. Such claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the actions of the defendants were sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in this means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

Further, and *apropos* to the instant complaint, the mere fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. The facts – taken as true for the purposes of this Report – establish that plaintiff was incarcerated at the CCC from December 2007 to July 2008. Thereafter he has remained incarcerated at SLCC. He claims that he made prison staff at both facilities aware of his back problems, but they ignored his complaints. Nevertheless, plaintiff has always and only alleged negligence on the part of the defendants; he has never claimed that the defendants were deliberately indifferent to his needs. He has failed to demonstrate that anyone subjectively intended that any harm occur to him. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

In addition, whether or not any of these defendants, or any others, "should have perceived" a risk of harm to plaintiff, but did not (as he has implied), is of no moment since "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The facts alleged herein simply do not support such a conclusion.

Further, "... disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)." By his own admission, plaintiff has been examined and treated by physicians or nurses at both facilities; he has been provided muscle relaxants, NSAIDs, and pain medication, although not the precise medications he desires. It thus appears that plaintiff merely disagrees with the treatment afforded to him.

In short, since plaintiff has alleged only negligence on the part of the defendants, and since he has failed to allege facts to establish deliberate indifference, his claims should be dismissed as frivolous.

*3. Juridical Persons*

Plaintiff has sued only CCC and SLCC. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the SLCC and CCC have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

The CCC is apparently a parish corrections facility operated by the Calcasieu Parish Sheriff's Office. [See La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.] SLCC is a private jail owned by LCS (Louisiana Corrections Services, Inc.); nevertheless SLCC is not a juridical person. (See Louisiana Secretary of State Commercial Division Corporations Database at http://www400.sos.louisiana.gov/app1/paygate/crpinq.jsp).)

The State of Louisiana has not granted juridical status to either the SLCC or CCC. Plaintiff's suit against these non-juridical entities is frivolous.

*4. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on December 5, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)